1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

ERIN WEILER, on behalf of herself and all
others similarly situated,

       Plaintiffs,

v.

AMAZON.COM, INC.,

       Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Plaintiff Erin Weiler, individually and on behalf of all others similarly situated, by and through counsel, bring this action against defendant Amazon.com, Inc. Plaintiff's allegations herein are based upon personal knowledge and belief as to their own acts and upon the investigation of their counsel, and information and belief, as to all other matters.

## NATURE OF THE CASE

1.      Amazon promises its customer that they can return virtually any product for "free," subject to some exclusions for late returns, specialty items, and damaged goods. The advertised "free" return policy, however, is a bait and switch. Amazon processes returns, purportedly for free, and issues qualifying customers refunds for their returned items. However, Amazon then tacks on junk fees to the return transaction under the umbrella term "Return Fees," thereby reneging on the promise of a "free" return. Amazon provides customers with refunds *minus* "Return Fees," thereby making the return not free at all. In the process, Amazon also directly breaches its own listed Return Fee policies, as it charges Return Fees on transactions that do not qualify for Return Fees.

2.      Amazon has a dedicated webpage titled "Amazon Return Policy – Amazon Customer Service"[1] which sets out Amazon's return policy that binds Amazon and is part of the contract between Amazon and its consumers. As depicted below, even without clicking on the link, the policy promises that "You can return most items for free at over 8,000 convenient locations."

 Amazon.com
https://www.amazon.com › help › customer › display    ⋮

### Amazon Return Policy - Amazon Customer Service

You can return most items for free at over 8,000 convenient locations, typically within a 5-mile radius of your address. Additionally, most returns do not need ...  Read more

---

[1] https://www.amazon.com/gp/help/customer/display.html?nodeId=GKM69DUUYKQWKWX7

1

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

3.    Amazon's Return Policy states:

**Easy shopping, simple returns - that's our promise**. At Amazon, we're committed to making your shopping experience as seamless and worry-free as possible. We understand that there may be times when a purchase may not meet your expectations or your needs might change. When that happens, we make completing a return simple and convenient.

Most items can be returned for a refund or replacement/exchange within 30 days of delivery as long as they are in original or unused condition. For eligible items, you can enjoy free returns at many locations near you. For information on an item's return eligibility, please check the product detail page before placing your order. After placing an order, you can find relevant information on an item's return eligibility in your Order History.

A refund will be provided if Amazon (or the third-party seller) has received the item, and determined that you are eligible for a refund. It can take up to 30 days for us to receive and process your return. In certain circumstances refund timeframes may be longer. If we need additional information about your return, we will notify you with instructions to contact Customer Service. For more information, please see our Refunds page.

**2025 Holiday Season Extended Return Window**

For the 2025 holiday season, most items purchased between November 1 and December 31, 2025 can be returned through January 31, 2026. Apple-branded products purchased between November 1 and December 31, 2025 can be returned through January 15, 2026.

…

**Return Window**
Most items sold on Amazon.com can be returned within 30 days of delivery - some exceptions include:

2

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

| 7 days | • Digital books accidentally purchased from the Kindle Store that have not been read.<br>• Digital textbooks, workbooks, and other educational content that have not been downloaded.<br>• Songs or albums accidentally purchased from our Digital Music Store using Alexa |
|---|---|
| 15 days | • Apple Brand products and Boost Infinite Brand products sold in new condition (AppleCare+ plans may be canceled in accordance with the terms of the plan)<br>• Items sold in the Amazon Haul store that are over $3 (Haul items less than $3 are non-returnable and non-refundable). |
| 90 days | • Select Amazon Renewed products in "Acceptable," "Good," or "Excellent" condition types.<br>• Most nonperishable Baby products<br>• Items purchased from an Amazon Birthday and/or Custom Gift List by someone other than the registry owner.<br>• Mattresses (excluding crib mattresses) |
| 180 days | • Items purchased from an Amazon Wedding Registry by someone other than the registry owner. |
| 365 days | • Amazon Renewed products in "Premium" condition<br>• Items purchased from an Amazon Baby Registry by someone other than the registry owner. |

**Items That You Can't Return**

Some products are non-returnable, such as the following:

- Perishables
- Products that may pose potential health and safety risks if returned
- Products with shipping restrictions
- Customized products made specifically for you
- Redeemable products
- Amazon Pharmacy products
- Pet medication products
- Certain digital products
- Automobiles

3

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Additionally, products listed as "**Final Sale**" are non-returnable and non-refundable, including trading card games, specific discounted items, and items sold in the Amazon Haul store that are $3 and less.
In the unlikely event that a non-returnable/Final Sale item arrives damaged, defective, or materially different from what was ordered, please contact Customer Service.

**Initiating a Return**

To initiate a return on an item that's eligible for return, simply go to Your Orders and click on "Return Items" button next to the item. Detail instructions can be found in this video.

…

**Sending Us Your Return**

You can return most items for free at over 8,000 convenient locations, typically within a 5-mile radius of your address. Additionally, most returns do not need to be boxed or labeled. Please ensure that your item is returned in **original or unused condition with tags attached and hygiene seals and liners intact, and in the original manufacturer's packaging including tags, components, accessories, manuals, certificates of authenticity, and other inserts.** Please return your item before the "return by date" shown in your return request confirmation email or in the "Return Request" tab in your Order History.

4.      The Return Policy makes it clear that every item, unless specifically excluded, is subject to a free return.

5.      Further down on the same page, Amazon lists putative "Return Fees," set out verbatim below:

**Return Fees**

While returns are generally free, certain situations or item conditions may incur fees. Note that an item cannot be sent back to you after it has been returned (except certain Amazon Luxury items that incur 100% damage fees).

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

| Fee | Description | Amount |
|---|---|---|
| Return Shipping Fee | Most items include at least one free return shipping option. However, you may be charged if:<br><br>• You select a shipping/drop-off option that is not free.<br><br>• You return a heavy and/or bulky item.<br><br>• You have an unusually high return rate. | Varies by item and/or the shipping method selected. |
| Late fee | You may be charged a fee when you do not drop off or complete a carrier pickup on or before the "return by date". | 20% of the item price for the first 30 days after the "return by date"; 100% of the item price afterwards. |
| Damage fee | You may be charged a fee when you return an item that is damaged, missing parts, not in original condition, has tags removed or have obvious signs of use for reasons not due to an Amazon.com or seller error. | Up to 50% of the item price, except for Amazon Luxury items, which will be charged 100% of the item price. |

5

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

| Fee | Description | Amount |
|---|---|---|
| Restocking Fee | You may be charged a fee when you return an item from any of the following product types:<br><br>• Software and video games that are opened, activated, used, or missing parts.<br><br>• Opened collectible cards, board games/table top games, collectible/chase variant figurines. | 100% of the item price |

6. So, if consumers read far enough down Amazon's Return Policy, they can see that refunds may be decreased or eliminated if the items are returned past their return window (*i.e.*, more than 30 days after receipt of the item), if they drop off the item for return in an ineligible location, or if the item is damaged. Amazon also states that it may charge a "Restocking Fee" for a limited number of items consisting of "Software and video games that are opened, activated, used, or missing parts" and "Opened collectible cards, board games/table top games, collectible/chase variant figurines."

7. This case focuses on Amazon's Restocking Fee practices through which it charges customers Restocking Fees on items that are not subject to Amazon's Restocking Fee, thereby breaching the Return Policy and Amazon's promise of "free" returns.

CLASS ACTION COMPLAINT

WYATT GRONSKI PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

8.      Amazon has published formal guidelines for when Restocking Fees are appropriate.[2] These guidelines are meant for third-party *sellers*. They are not incorporated into the Conditions of Use or Amazon Return Policy, which form the basis of contracts between Amazon and its customers. These guidelines are not disclosed to consumers, and do not make a part of any contract between Amazon and its customers. The third-party seller guidelines state that in the event a "buyer changes their mind about a purchase and returns an item in the original condition within the return window," there should be "No restocking fee." In other words, customers are allowed to simply change their mind about an item, and are permitted to return the item free of charge, without any applicable Restocking Fee, so long as the item is in its original condition, not subject to the limited exclusion list discussed above, and the item is returned within the return window.

9.      If a customer changes their mind about a purchase and returns an item in the original condition outside of the return window, Amazon and its sellers may charge a Restocking Fee up to 20% of the item's price, according to these same guidelines. The guidelines go on to specify the amount of Restocking Fees for items returned in increasingly damaged condition, ranging from 25% to 100% of the item's price. In other words, Amazon uses Damage Fee and Restocking Fees interchangeably. Further, the guidelines say that if a consumer returns an item in original condition outside of the return window, the seller may charge a "Restocking fee" of up to 20% of the item's price. Again, Amazon calls what are effectively "Late Fees" as "Restocking Fees." In other words, every type of "Return Fee" – a Late Fee, a Damage Fee, and a Restocking Fee – may appear to a consumer simply as a Restocking Fee on a receipt, as Amazon uses the term Restocking Fee and Return Fee as encompassing all three types of fees. For the purpose of the Complaint, Plaintiff adopts Amazon's practice, and uses the terms Restocking Fees and Return Fees interchangeably with Late Fees and Damage fees, as applicable.

---

[2]
https://sellercentral.amazon.com/help/hub/reference/external/G201725780#:~:text=A%20restocking%20fee%20is%20a%20percentage%20of,based%20on%20the%20item's%20condition%20upon%20return.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

10. Plaintiff's experience demonstrates that Amazon uses bogus Restocking Fees to renege on its promise of putative "free" returns. On December 27, 2025, Plaintiff purchased four items on Amazon.com. For each, Amazon.com was listed as the "seller," so Amazon is solely responsible for any fees at issue. Specifically, Plaintiff purchased an Apple 60W USB-C to USB-C Woven Charge Cable (1 m) for $10.99 (plus tax), an Apple 240W USB-C to USB-C Woven Charge Cable (2 m) for $18.00 (plus tax) and two Apple USB-C to Lightning Cables (2 m) for $24.00 each, or $48.00 total (plus tax). The below shopping cart shows how these items appear in a customer's shopping cart on Amazon.com.



11. As can be seen above, each of these items states in bright blue that they qualify for "FREE Returns" when these items are in a customer's shopping cart.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

12.    Likewise, consumers are promised that the items are subject to a FREE refund when they are deciding to purchase the products in the first instance. Below is a screenshot of the webpage for Apple USB-C to Lightning Cables (2 m) at the time of Plaintiff's purchase:



13.    Directly below the "Add to Cart" and "Buy Now" buttons, the products' pages list Amazon.com as the Shipper/Seller and state, "Returns FREE refund/replacement until Jan 15, 2026."

14.    The webpage leaves no doubt that the products qualify for free returns, so long as the items are returned, in this case, by January 15, 2026. Amazon's page for each of these products also contains an "Ask Rufus" button through which customers can ask Amazon's built-in customer service artificial intelligence chatbot questions about the item. Asking Rufus AI the question "is this item subject to a free return?" yields the following answer, "The **Apple 60W USB-C to USB-C Woven Charge Cable** is subject to Amazon's standard return policy. Most items sold on Amazon can be returned within 30 days of delivery for a full refund. Based on the product information, this USB cable should be eligible for free returns as long as it's returned in its original condition within 30 days of delivery." Accordingly, even the most inquisitive customer that sought clarification on whether the items are subject to a free return would be told that, yes, they are.

9

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

15.     Plaintiff received each of these items at her Los Angeles home on December 29, 2025, two days after placing the order. Later *that same day on December 29, 2025*, Plaintiff utilized Amazon's return process for these items and returned them in their original, unopened condition, without any use or damage whatsoever, to an Amazon return location at a Whole Foods Market in Los Angeles. The person working at the Amazon returns center scanned in the Amazon generated QR code for these items, meaning that Amazon received and accepted these items for return on December 29, 2025. The items were returned brand new in their original packaging.

16.     On December 29, 2025, Plaintiff received email confirmations from Amazon for each item stating in similar autogenerated emails that "We've received your return and are shipping it back to our return center," or "Your return was dropped off." In other words, Amazon confirmed that Plaintiff in fact returned each of the four items well within the January 15, 2026 return window displayed at the checkout screen, and within Amazon's more customary 30-day free return window.

17.     Amazon does not honor the advertised free return and Restocking/Return Fee policies. Instead, Amazon cheats consumers by apparently using the date it clocks the item returned to its warehouse, and not the date a customer *actually* returned it to Amazon, to determine if the return was timely and, accordingly, whether a Restocking Fee/Return Fee/Late Fee should be charged. For instance, Plaintiff's Amazon "Returns Center" portal displays the following for the two Apple USB-C to Lightning Cables (2 m) Plaintiff returned on December 29, 2025:



Apple USB-C to Lightning Cable (2 m)
Size: 2m
$24.00

Details ⌄

✅ **Refund issued for 1 of 2 items**
**$22.39** refund issued on Jan 18, 2026.
Return received on: Jan 18, 2026

✅ **Refund issued for 1 of 2 items**
**$22.39** refund issued on Jan 16, 2026.
Return received on: Jan 16, 2026

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

18.     Amazon asserts that these items were received on January 16 and January 18, 2026, purportedly after the January 15, 2026 free return window. As discussed above, however, Defendant accepted these items for return on December 29, 2025, well within the return window. Due to this manufactured discrepancy, Amazon charged Plaintiff Restocking Fees of $3.60 per item, for a total of $7.20 in Restocking Fees for these two items:

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $48.00 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $48.00 |
| Estimated tax to be collected: | $4.68 |
| **Grand Total:** | **$52.68** |
| Refund Total ⌄ | $45.48 |

| | |
|---|---|
| Item(s) refund | $48.00 |
| Tax refund | $4.68 |
| Restocking fee | -$7.20 |
| **Refund Total** | **$45.48** |

19.     As can be seen above, Amazon makes it appear to customers that they received a full refund. In this case, Plaintiff received a refund of $48.00 plus $4.68 in taxes, the precise amount she paid for these two items. But in processing her refund, Amazon deducted Restocking Fees of $7.20 due to Amazon's deceptive method for determining when the item has been returned.

20.     Amazon used the same deceptive practice for the Apple 240W USB-C to USB-C Woven Charge Cable. As discussed above, Plaintiff received *and returned* this item to Amazon on December 29, 2025, well within the return window. Amazon sent Plaintiff an email confirming that it received her return on December 29, 2025. And yet, Amazon charged her a $2.70 Restocking Fee.

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

| Order Summary | |
|---|---|
| Item(s) Subtotal: | $18.00 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $18.00 |
| Estimated **tax to be collected:** | $1.76 |
| **Grand Total:** | **$19.76** |
| **Refund Total** ∨ | **$17.06** |

| | |
|---|---|
| Item(s) refund | $18.00 |
| Tax refund | $1.76 |
| Restocking fee | -$2.70 |
| **Refund Total** | **$17.06** |

21.    In a show of the complete disarray of Amazon's technology and processing, the fourth item Plaintiff returned on December 29, 2025, the Apple 60W USB-C to USB-C Woven Charge Cable discussed above, which was returned *at the exact same time and in the same manner as the other three items*, was not assessed a Restocking Fee.

22.    Amazon may be attempting to hide behind a one sentence clause buried in its Conditions of Use to justify these practices. The Conditions of Use have a paragraph titled "RETURNS, REFUNDS AND TITLE," which states, "Amazon does not take title to returned items until the item arrives at our fulfillment center. At our discretion, a refund may be issued without requiring a return. In this situation, Amazon does not take title to the refunded item. For more information about our returns and refunds, please see our Returns Center." So, Amazon appears to determine if an item has been returned within its return window based on when it "take[s] title" to the returned items, which in turn, is based on when they arrive at the fulfilment center. The paragraph links to the Returns Center, which, as of January 30, 2026, states, "Free, easy returns on millions of items at over 18,000 drop-off locations. You may return most new, unopened items sold and fulfilled by Amazon within 30 days of delivery for a full refund. For the 2025 holiday season, most items purchased between November 1 and December

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

31, 2025 can be returned through January 31, 2026. Apple-branded products purchased between November 1 and December 31, 2025 can be returned through January 15, 2026. Learn more about Amazon's Return Policy."

23.    Clicking on "Return Policy" takes consumers to a Returns and Refunds page, which contains a link to the Amazon Return Policy discussed above. The Amazon Return Policy is incorporated into the Conditions of Use, and is a part of Amazon's contract with its customers. The Conditions of Use and Amazon Return Policy are also expressly incorporated or incorporated by reference in the Amazon Prime Terms & Conditions. To the extent that the Return Policy and Conditions of Use are not part of an express contract between Amazon and its customers, in the alternative, they are part of an implied-in-fact contract between Amazon and its customers. Any implied contractual terms at issue here stand on equal footing with express terms. The material terms of the implied in fact terms are set out in the Amazon Return Policy and Conditions of Use themselves. Failure to adhere to the terms set out in those documents is a material breach.

24.    The Return Policy states that consumers can return most items "for free at over 8,000 convenient locations, typically within a 5-mile radius of your address." The "Late fee" provision within the Return Policy states that a return is complete when a consumer "drop[s] off or complete[s] a carrier pickup on or before the 'return by date.'" Thus, consumers are told that they will not be charged Return Fees so long as they return their items at any of Amazon's thousands of "convenient" returns centers, like Whole Foods Market, but Amazon breaches that promise by determining whether a return is timely based on when Amazon claims it has "taken title" when the item arrives at its fulfillment center.

25.    Amazon's practice ensures that it is not possible to receive free returns for many consumers, like Plaintiff, as it depends solely on whether Amazon timely ships the returned item to a fulfillment center. Here, Plaintiff has fulfilled all the conditions precedent to receive a free return – she returned her items the same day she received them, in their original packaging, at a Whole Foods Market, following every instruction provided by Amazon. And yet, Amazon breached its terms and charged her

WYATT GRONSKI PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Restocking/Late Fees because it based the date of the return not based on when the customer returned the product, as required by its own terms, but based on when Amazon received the item at its fulfillment center, something that consumers have zero control over.

26.     Plaintiff brings this case for herself and all other customers who were wrongfully charged Return Fees or Restocking Fees in breach of Amazon's contract with its customers and in violation of state law.

### THE PARTIES

27.     Plaintiff Erin Weiler is domiciled in Los Angeles, California.

28.     Defendant Amazon.com, Inc. is a Delaware corporation with its principal office of 410 Terry Avenue N., Seattle, WA 98109.

### JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendants.

30.     This Court has personal jurisdiction over Defendant because it conducts substantial business and is headquartered in Washington.  A substantial portion of the events giving rise to the claims alleged here occurred in this state.

31.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Defendant is subject to personal jurisdiction in this District.

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

### FACTS COMMON TO THE CLASS

**A.    Amazon Returns Process**

32.    Amazon touts that most items can be returned "for free at over 8,000 convenient locations."[3] Amazon tells customers that "customers should look for the 'FREE Returns' badge under the price to confirm it is a qualifying item."[4]

33.    Amazon states that 4 out of 5 customers in the United States have an eligible return drop-off point within a five-mile radius of their home.[5] "The best part? Most returns do not need to be packaged or labeled – we've got that covered." Customers simply have to log into their account, select their preferred drop-off option, and bring their return QR code and items to the selected location. "In most cases, customers don't need to worry about boxes or labels, as the associates at each drop-off location handle all the packing, labeling, and shipping. It's a breeze."[6]

34.    One of the primary return options is Amazon physical stores and Whole Foods markets. According to Amazon, more than 550 Whole Foods Market locations and Amazon stores have *free* return drop-offs.[7] At Whole Foods, as was the case for Plaintiff, the returns are handled at a Returns counter with a live representative to take the package from the customer, while other stores include Amazon Returns Kiosks.[8] Customers may also return items at participating Kohl's, Staples, and UPS stores.

---

3 https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=GKM69DUUYKQWKWX7&ref_=cct_cg_rtrnlp_6a1&pf_rd_p=ee8c45e7-c991-44d8-9a05-377036c34b11&pf_rd_r=X2EFDBT0C1GYJEWCT4EK

4 https://www.aboutamazon.com/news/operations/free-returns-with-no-box-tape-or-label-needed

5 *Id.*

6 *Id.*

7 *Id.*

8 *Id.*

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Alternatively, customers may be able to return items by shipping them in the mail, but may be subject to shipping charges.

**B.    Customers Rely On And Prefer Items With Putative Free Returns**

35.    Consumers greatly value free return options provided by retailers, and increasingly make purchasing decisions based on whether a free return option is available. Indeed, a majority of consumers check a retailer's return policy before deciding to buy.[9] Consumers now rank in-person, box-free returns as the number one preferred method for online orders.[10]

36.    Studies show that nearly 9 in 10 consumers now expect free returns as standard policy.[11] E-commerce retailers with generous return policies have greater brand loyalty than those with stingier ones.[12] Indeed, 47% of consumers have stopped shopping at a retailer entirely due to an unfavorable return policy.[13]

37.    Some studies have shown that a strong return policy – such as, in this case, Amazon's promise of "free" returns – is the most important decision-making factor in purchasing decisions, even greater than the listed *price* of the item.[14]

38.    Consumers preference for free returns accelerated during the COVID-19 pandemic, where retailers offering generous return policies were able to obtain a competitive advantage over their competitors.[15] However, the pace of consumer returns, alongside a rise in shipping costs, has caused

---

[9]    https://www.forbes.com/sites/shelleykohan/2022/10/30/consumers-say-hassle-free-returns-are-more-important-than-ever/

[10] *Id.*

[11] https://www.customerexperiencedive.com/news/free-returns-deal-breaker-consumers-loyalty/750825/

[12] *Id.*

[13] *Id.*

[14] https://www.shipstation.com/blog/hassle-free-returns-key-successful-online-sales/

[15]    https://www.marketwatch.com/story/free-returns-are-not-a-given-anymore-as-retailers-deal-with-rising-costs-c2e50de0?gaa_at=eafs&gaa_n=AWEtsqej544DhajG6rQiiiZOni_gMFOU4GySGrbGfTtMYHU8RfTNN

16

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

many retailers to back away from generous return policies, to enact fees for returns, and generally make the return process more restrictive.[16]

39.    Consumers rely on and place a great premium on Amazon's promises of free returns. The putative free returns are advertised repeatedly and pervasively throughout the purchasing process, with the promise repeated on the product landing pages prior to purchase, consumer shopping carts, and the checkout process itself.

## C.    Amazon's Restocking and Return Fee Practices

40.    Amazon processes billions of dollars in returns every year, estimated at $40 to 88 billion annual cost of returns.[17] Amazon processes approximately 1.2 to 1.5 billion returned packages annually.[18] Of those, roughly 60 percent of returns are due to fit or quality issues and another 30 percent are simply due to customers changing their minds.[19] Reporting suggests that Amazon's average rate of return ranges between 5-15 percent, but is significantly higher for certain categories like consumers electronics and clothing, which generate return rates as high as 40 percent.[20]

41.    Amazon offers more than 8,000 locations nationwide where customers are able to drop-off items for returns, including major retailers like Whole Foods Market, Amazon Fresh, Amazon Go, Staples, Kohl's, and The UPS Store. Whole Foods Market, Amazon Fresh, and Amazon Go are all effectively Amazon's physical stores, as Amazon owns and controls each entity. Returns delivered at are then shipped to Amazon's warehouses around the country for processing.[21]

---

XGzUkymvAU6Ctc%3D&gaa_ts=697a8448&gaa_sig=4teuY-qtcH9YkCKL-XuLcf42-Y8-OVrNqnHpOM-yk7jnJhu_qxH-3whbhtkd9sYEsUf4eHbqiHxFRddmZ-py6w%3D%3D

[16] Id.

[17] https://redstagfulfillment.com/how-many-amazon-orders-get-returned/

[18] Id.

[19] Id.

[20] https://www.envisionhorizons.com/using-amazon-return-data-to-your-advantage-and-reducing-return-rates/#:~:text=Returns.,get%20as%20high%20as%2040%25.

[21] https://www.aboutamazon.com/news/retail/what-happens-to-amazon-returns

17

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

42.    Customers are able to drop off items for returns in the original manufacturer's packaging without the need for additional or specialized packaging. Many Whole Foods Market store locations also include Amazon return kiosks, which enable customers to complete their returns in 60 seconds or less. According to Amazon, "the vast majority of eligible refunds are now issued within five hours."[22]

43.    An item dropped off for return is consolidated with other returned items and routed to an Amazon return center. Amazon return centers are dedicated sites to process different types of products, such as clothing, electronics, or furniture and appliances.[23]

44.    Returned items are evaluated at Amazon return centers to determine whether they can be re-listed for sale as new or used (*i.e.*, checking broken seals, signs of use or damage), returned to selling partners for refurbishment or repackaging, repaired, liquidated, or donated.[24]

45.    While returns are advertised as free for Amazon's customers, they are exceptionally expensive for Amazon and its seller partners. The process necessary to process returns costs Amazon hundreds of millions, if not billions, every year. To pay for these costs, Amazon typically charges its third-party sellers for every item returned by a customer sold by the third-party, through processing fees and other charges.[25] Amazon has also implemented a policy whereby items that are frequently returned get a "frequently-returned item badge" on the product page, alerting consumers that the items are frequently returned and thereby punishing third-party sellers.

46.    For returned items where Amazon itself is listed as the seller – *i.e.*, the item is not sold by a third-party seller through Amazon's platform – Amazon is forced the bear the full weight of the costs associated with the returned items, as was the case for the product purchased by Plaintiff. However, as discussed herein, through imposing undisclosed Restocking/Late Fees and other junk Return Fees in

---

[22] *Id.*

[23] *Id.*

[24] https://www.aboutamazon.com/news/retail/what-happens-to-amazon-returns

[25] https://sellercentral.amazon.com/help/hub/reference/external/GZGEQLTM3RZXUV6T?locale=en-US

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

breach of its own public terms of service and contracts with its consumers, Amazon seeks to recoup the high costs associated with the return process onto consumers themselves, even after promising that the returns would be free.

## PLAINTIFF'S FACTUAL ALLEGATIONS

47.    Plaintiff Erin Weiler is a California resident and a member of Amazon Prime.

48.    Plaintiff purchased an Apple 60W USB-C to USB-C Woven Charge Cable (1 m) for $10.99 (plus tax), an Apple 240W USB-C to USB-C Woven Charge Cable (2 m) for $18.00 (plus tax) and two Apple USB-C to Lightning Cables (2 m) for $24.00 each, or $48.00 total (plus tax) on Amazon on December 27, 2025. For each purchase, Plaintiff saw and relied on Amazon's promise that the items could be returned for free prior to making each purchase. The "free return" statements were displayed on the product's pages and were prominently visible at the time she bought each item. If Plaintiff had known that the products were not subject to free returns, she would not have purchased them at all, or would have paid significantly less for the products.

49.    Plaintiff suffered an injury by purchasing items that she otherwise would not have based on these false and misleading policies and statements, and through being charged Restocking/Late Fees in breach of Amazon's free returns and Return Fee policies.

50.    Plaintiff continues to be an Amazon Prime member and routinely purchases items on Amazon.com that are labeled as free returns. Plaintiff has, at times, been able to return items to Amazon truly for free. For instance, one of the four items discussed in the complaint was processed by Amazon such that a Restocking/Late Fee was not charged, making the return truly free. For the other three items, however, Amazon charged a Restocking/Late Fee. Given Amazon's haphazard policy of sometimes charging Restocking/Late Fees on items that are not eligible for a Return Fee, while at others not making the charge, Plaintiff has no way of knowing whether Amazon's promise of "free return" or its Return Fee policy will be true or accurate. Plaintiff is not able to make informed decisions about whether to purchase items on Amazon that are labeled as subject to "free returns" and cannot make informed decisions about

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

any products subject to Amazon's Return Fee policies, as Amazon routinely breaches these policies, but not 100 percent of the time. Plaintiff is likely to be repeatedly misled by Amazon's conduct, unless and until Amazon is compelled to ensure that its free return advertising and Return Fees policies are accurate and no longer have the tendency or capacity to deceive or confuse reasonable consumers.

## CHOICE OF LAW AND VENUE ALLEGATIONS

51.     Amazon's website has a choice of law and choice of venue/forum selection clauses in a contract entitled "Conditions of Use." The choice of law clause states, "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."[26] The choice of venue/forum selection clause states, "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."

52.     Every product at issue here is subject to Amazon's choice of law and choice of venue clause, requiring the application of Washington law to this dispute, and for any dispute to be brought in this Court.

53.     Accordingly, Washington law should apply to this dispute.

## NO ADEQUATE REMEDY AT LAW

54.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff also seeks an injunction.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.  Legal remedies here are not adequate because they would not stop Defendant from continuing to engage in the deceptive practices described above.  In addition, a legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, to recover under

---

[26] https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

a breach of contract theory, Plaintiffs must show the existence of a contract.  This is not required for the equitable claims.  Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

## **CLASS ACTION ALLEGATIONS**

55.    Plaintiff brings this suit as a class action on behalf of themselves and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

56.    Plaintiff seeks to represent the following <u>Nationwide Classes</u>:

All Amazon consumers in the United States for whom Amazon records show they requested a refund and returned the merchandise and were charged a Return Fee when the returned merchandise does not qualify for a Return Fee under Amazon's terms and conditions.

All Amazon consumers in the United States for whom Amazon records show they requested a refund and returned the merchandise and were charged a Restocking/Late Fee when the returned merchandise was returned in an original condition within the applicable return window.

57.    The Nationwide Classes will be referred to collectively as the "Class" or "Classes." Excluded from the Class are Defendant, any affiliate, parent, or subsidiary of Defendant, any entity in which Defendant has a controlling interest, any officer or director of Defendant, and any judge to whom this case is assigned.

58.    The above class definitions are placeholders and Plaintiff reserves the right to modify or amend the definitions of the proposed Classes at any time before final judgment.

CLASS ACTION COMPLAINT

**WYATT GRONSKI** PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

59.    ***Numerosity:*** Members of the Classes are so numerous that joinder of all members is impracticable. It is estimated that there are tens of millions of individuals in the Classes. The identity of such membership is readily ascertainable from Defendant's records and non-party records.

60.    ***Commonality and Predominance***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a.    Whether Defendant made false or misleading statements of fact in their advertising;

    b.    Whether Defendant made misleading omissions of fact in their advertising;

    c.    Whether Defendant violated Washington's consumer protection statutes;

    d.    Whether Defendant violated contracts with the Classes;

    e.    Whether Amazon's Return Policy is part of its contract with the Classes;

    f.    Whether Amazon breached the duty of good faith and fair dealing;

    g.    Whether Washington law applies to the Class's claims;

    h.    Whether Defendant is liable for money had and received;

    i.    Whether Defendant converted money and property;

    j.    Whether Defendant was unjustly enriched; and

    k.    Whether Plaintiff and the Class Members are entitled to damages, the measure of damages, statutory damages, or other relief.

61.    ***Typicality***: Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all members of the Class(es) were injured through the common misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all members of the Class(es).

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

62.     ***Adequacy of Representation:*** Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the other Class Members and the infringement of the rights and the damages they have suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and intends to prosecute this action vigorously.

63.     ***Superiority:*** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical.

64.     The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources. The costs of individual suits could unreasonably consume the amounts that would be recovered. Further, proof of a common course of conduct to which Plaintiff were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged, and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

65.    The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

66.    Individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class Members are likely in the millions of dollars, the individual damages incurred by each Class Member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class Members prosecuting separate claims is remote, and even if every Class Member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class Members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

67.    Notice of a certified class action and of any result or resolution of the litigation can be provided to Class Members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

68.    Plaintiff does not anticipate any difficulty in the management of this litigation.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

**FIRST CLAIM FOR RELIEF**
**Violations of the Washington Consumer Protection Act: RCW Chapter 19.86**

69.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

70.    Plaintiff brings this cause of action individually and on behalf the Classes.

71.    Defendant violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

72.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

73.    Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

74.    Defendant engages in the conduct of trade or commerce within the meaning of the CPA. Defendant does this by selling merchandise in a manner that directly and indirectly affects people of the state of Washington.  Further, Defendant has forced consumers nationwide, including Plaintiff, to agree to a choice of law provision requiring the application of Washington law to this dispute, as alleged above.

75.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in their advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Unfair Acts of Practices

76. As alleged in detail above, Defendant committed "unfair" acts by falsely advertising and promising that merchandise on its website can be returned for a "free refund," and issued a comprehensive set of terms for when customers hay be subject to Return Fees. But Defendant's offers of free refunds is not true as it charges Returns Fees for items and at times that do not qualify for Return Fees under its own policies. This caused Plaintiff and the Classes to make purchases they otherwise would not have made, pay more for their purchases, pay unwarranted Return Fees, and deprived them of their expectancy interest in receiving the merchandise as advertised.

77. The harm to Plaintiff and the Classes greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the putative free return and Return Fee policy of a consumer product. Plaintiff and the Classes' injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products and advertising only injure healthy competition and harm consumers.

Deceptive Acts of Practices

78. As alleged in detail above, Defendant's representations that their merchandise is subject to free returns and its published Return Fee policies were false and misleading.

79. Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

80. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the products at issue. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

81.     In addition, Class reliance can be inferred because Defendant's misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy merchandise on Amazon.com.

82.     Defendant's misrepresentations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Classes.

83.     Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased products on Amazon.com if they had known the truth, (b) they overpaid for the products because they were sold at a price premium due to the misrepresentation and omissions, and (c) they were charged and paid Return Fees in breach of the Defendant's published policies and contract with consumers.

84.     Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and affect millions of consumers in Washington and nationwide.  They are part of a pattern of unfair and deceptive advertisements.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

85.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

86.     Plaintiff brings this cause of action individually and on behalf the Classes.

87.     Plaintiff and class members entered into contracts with when they placed orders to purchase merchandise from Defendant, and when they became members of Amazon Prime.

88.     The contracts provided that Plaintiff and Class members would be able to return most items offered for sale on Amazon.com for free, subject to delineated exceptions for a limited number of

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

products and subject to Return Fees policies set out above. These were specific and material terms of the contracts.

89.     Plaintiff and Class members paid Defendant for the merchandise they ordered, returned their items following Defendant's return instructions and policies, and satisfied all other conditions of their contracts.

90.     Defendant breached the contracts with Plaintiff and Class members by imposing Return Fees for items and in circumstances that are in material breach of Amazon Return Fee and free returns policies. Defendant also failed to abide by the implicit covenant of good faith and fair dealing.

91.     As a direct and proximate result of Defendant's breaches, Plaintiff and Class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF
**Breach of Good Faith and Fair Dealing**

92.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

93.     Plaintiff brings this cause of action individually and on behalf the Classes.

94.     Washington law imposes an obligation of good faith and fair dealing in the performance and enforcement of every contract. RCW 62A.1-304.

95.     Defendant breached the obligation of good faith and fair dealing by charging Return Fees outside of situations explicitly permitted by the Return Fee policy, and in instances where customers otherwise satisfied every condition required for them to receive a full refund under Amazon's returns policy. As discussed above, Defendant's policy of, for example, considering an item returned when Amazon receives it at a fulfilment center, and not when the item is in fact returned by a customer, is counter to any reasonable reading of what is promised: free returns, subject to Return Fees only in

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

explicit, delineated circumstances. Thus, for Plaintiff, she was charged a Restocking Fee on items that she returned the same day she received them in mint condition to an Amazon authorized return center at Whole Foods Market. There is nothing Plaintiff could have possibly done to avoid being charged a Restocking Fee in this situation.

96.    As a direct and proximate result of Defendant's breaches, Plaintiff and Class members were deprived of the benefit of their bargained-for exchange and as a result of Amazon's breach of the duty of good faith and fair dealing, and have suffered damages in an amount to be established at trial.

**FOURTH CLAIM FOR RELIEF**
**Money Had and Received**

97.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

98.    Plaintiff brings this cause of action individually and on behalf the Classes.

99.    Plaintiff pleads this action in the alternative in case a Court or jury finds that there is no contract between the parties, or that the contract is invalid or does not cover the issues in this litigation.

100.    Defendant has, had, or is in possession of money belonging to Plaintiff and members of the Classes.

101.    Defendant's retention of the money is unjust and offends equity and good conscience.

102.    Defendant has not returned the money belonging to Plaintiff and members of the Classes.

103.    Plaintiff and the Classes seek for Defendant to return the money in an amount to be established at trial.

**FIFTH CLAIM FOR RELIEF**
**Quasi-Contract/Unjust Enrichment**

104.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

29
CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

105.    Plaintiff brings this cause of action individually and on behalf the Classes.

106.    Plaintiff pleads this action in the alternative in case a Court or jury finds that there is no contract between the parties, or that the contract is invalid or does not cover the issues in this litigation.

107.    As alleged above, Defendant's false and misleading advertising of free returns and Return Fee policies caused Plaintiff and the Classes to purchase merchandise and to pay a price premium for these products. In this way, Defendant received a direct and unjust benefit, at Plaintiff's and Class members' expense. Further, Defendant received a direct and unjust benefit by charging Return Fees in instances that go directly counter to its published Return Fee policies.

108.    (In the alternative only), due to Defendant's misrepresentations, their contracts with Plaintiff and the Classes are void or voidable.

109.    Plaintiffs and the Class seek restitution, and in the alternative, rescission.

### SIXTH CLAIM FOR RELIEF
**Promissory Estoppel**

110.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

111.    Plaintiff brings this cause of action individually and on behalf the Classes.

112.    Plaintiff pleads this action in the alternative in case a Court or jury finds that there is no contract between the parties, or that the contract is invalid or does not cover the issues in this litigation.

113.    Defendant made a specific, unambiguous promise through its free return and Return Fee policies that Plaintiff and Class members would not be charged Return Fees if they returned their items within the terms set forth in the Return Fee policy.

114.    Defendant expected and foresaw that Plaintiff and Class members would act based on the promises.

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

115.    Plaintiff and Class members actually and justifiably relied on Defendant's promises, purchasing items and returning them and incurred a detriment as a result, in the form of paying a price premium for merchandise and through incurred unwarranted Return Fees.

116.    Plaintiff's and Class members' injury can only be avoided by enforcing the promise of free returns and its Return Fees policies.

## SEVENTH CLAIM FOR RELIEF
### Conversion

117.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

118.    Plaintiff brings this cause of action individually and on behalf the Classes.

119.    Plaintiff and Class members own, possess and have the right to immediate possession of the money (Return Fees) at the time Amazon converted their money.

120.    Plaintiff and Class members did not consent to Defendant taking possession of the money from their accounts.

121.    Defendant exercised dominion or control over the Return Fees in a way that is inconsistent with Plaintiff and Class members' rights.

122.    Defendant acted with the intent to exercise dominion or control over the property.

123.    Plaintiff and Class members suffered actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request that this Court:

a.    Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class;

b.    Appoint Plaintiff as representative of the Class;

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

c.      Appoint Plaintiff's counsel whose appearance is noticed herein as Class Counsel;

d.      Award all actual, general, special, incidental, statutory, punitive, exemplary, and consequential damages and restitution to which Plaintiff and Class Members are entitled in an amount to be determined at trial and require Defendant to disgorge its ill-gotten gains;

e.      Award pre-judgment and post-judgment interest on such monetary relief at the highest legal rate to the extent provided by law;

f.      Grant appropriate injunctive and/or declaratory relief;

g.      Award reasonable attorneys' fees and costs to the extent provided by law; and

h.      Grant such further relief that this Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  February 2, 2026                    Respectfully submitted,

                                         _/s/    Todd Wyatt_

**WYATT GRONSKI PLLC**
Todd Wyatt (Bar No. 31608)
540 Newport Way NW, Suite 200
Issaquah, WA 98027
Phone: 425-395-7784
E-Mail: todd@wdlawgroup.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (Cal. Bar No. 295032)*
28 Geary Street, Ste. 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (Cal. Bar No. 244902)*
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116

32

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*pro hac vice to be filed*

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784